UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-115-JBC**

**JASON ANDREW VANHOOK,**                                                **PLAINTIFF,**

**V.**                                        **O R D E R**

**WARDEN PHIL PARKER,**                                               **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

Pending before the court is Jason Andrew Vanhook's[1] petition for writ of habeas corpus, R.1. Magistrate Judge J. Gregory Wehrman filed a report and recommendation, R.18, to which Vanhook objected, R.19. The court, having reviewed the record and being otherwise sufficiently advised, will adopt the recommendation and deny the petition.

**A. Standard of Review**

The court reviews the report and recommendation of the magistrate judge *de novo*. *See* 28 U.S.C. § 636(b). Because Vanhook is proceeding *pro se*, a less stringent standard will be applied in reviewing his petition, *see Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972), and the court will take as true and construe in his favor Vanhook's allegations. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

---

[1] The court follows the lead of Magistrate Judge Wehrman in addressing the petitioner by his surname Vanhook, despite the inconsistent references throughout the record, including Van Hook, VanHook, and Vanhook.

1

Despite the parties' disagreement over whether Vanhook's petition has been brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254, the court adopts the magistrate judge's opinion that because Vanhook is a state prisoner, "he . . . is subject to the limitations contained in AEDPA, including those found in § 2254," *see* R.18, p.5; *see also Rittenberry v. Morgan*, 468 F.3d 331 (6th Cir. 2006). Accordingly, the court will analyze Vanhook's petition under § 2254.

**B. Background**

Vanhook was convicted of arson in the first degree in Lincoln Circuit Court. As the magistrate judge noted, the Supreme Court of Kentucky found the following facts:

> At some time between 11 p.m. and midnight on October 2, 2001, Natalie Tincher observed a male wearing a camouflage jacket standing on the front porch of the home of her neighbor, Levon White. Minutes later, Ms. Tincher observed the man running from the White residence as the home burst into flames. Coincidentally, Stanford Police Officer Mike Correll was patrolling the area and observed a male wearing a camouflage jacket jump into a waiting car, which then sped off. Officer Correll attempted to perform a traffic stop, but the driver of the vehicle would not stop and a high-speed chase followed. The vehicle was eventually stopped, and Appellant was taken into custody. At the police station, Appellant was questioned. The interrogation was neither tape recorded nor video taped, and none of the officers present took notes. Detective Rick Edwards conducted this meeting, and testified that Appellant orally confessed. Appellant was formally charged with arson in the first degree. After pleading not guilty, Appellant was ultimately tried before a Lincoln County jury and found guilty.

*Vanhook v. Commonwealth*, 2004 WL 868487, at *1 (Ky. April 22, 2004). The Supreme Court of Kentucky's opinion is available in its entirety as filed in the record at R.13-6.

The court adopts the magistrate judge's factual and procedural history, which provides an extensive review of Vanhook's post-conviction court record. Vanhook has sought post-conviction relief both from the state court and most recently from this court through the filing of the instant petition for habeas corpus. Vanhook raises two issues in his petition: 1) that his "parole eligibility was erroneously calculated by the DOC at 85% instead of 20% as mandated in 501 KAR 1:030 §3," R.1, p.5, and 2) that his "parole eligibility dates [were] affected by the DOC erroneously classifying him as a violent offender," *Id.*  The court agrees with the magistrate judge that Vanhook's claims should be denied.

**C. Analysis**

Vanhook offers three objections to the magistrate judge's report and recommendations.  First, he objects to his classification by the Department of Corrections as a violent offender after the Lincoln Circuit Court sentenced him as a nonviolent offender.  Second, Vanhook claims that he has a constitutional right to have the nonviolent classification upheld or to have a new trial.  Third, he objects to the court's not granting him a lawyer to protect his rights.  All three objections miss the mark.

Magistrate Judge Wehrman considered the merits of Vanhook's first objection in his report and recommendation.  Because Vanhook merely restated an argument presented in his petition, the court will defer to Magistrate Judge Werhman's findings that "[t]he reclassification of petitioner was . . . a belated

correction of an error made in order to properly conform to Kentucky state law," which "does not entitle petitioner to federal habeas relief," *see* R.18, pg.7-8.

As to the second objection, Vanhook failed to provide any information in his petition indicating that he believed his constitutional rights were violated. Magistrate Judge Wehrman's report and recommendation stated that because "[p]etitioner's federal habeas petition contains no allegations that his reclassification as a violent offender violates either the Constitution or federal law," the "[p]etitioner . . . is not entitled to federal habeas relief." *See* R.18, p.7; *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The court will construe Vanhook's comment that he "has a constitutional right to have the Lincoln court nonviolent sentence upheld or to be granted a new trial [sic]" as an objection to the magistrate judge's finding. However, the objection cannot succeed amidst the magistrate judge's related findings that Vanhook's petition was not timely filed and that, even if addressed on the merits, Vanhook's allegations do not entitle him to relief. *See* R.18, pg. 5-8.

Vanhook's third objection is not directed at the report and recommendations or the instant petition; rather, it is a separate objection to his *pro se* status throughout this matter. The court finds no past or present motion before this court in which Vanhook has sought or seeks a grant of legal representation in the present action, nor is there any ground for appointment of counsel. Therefore, the court finds Vanhook's objection to Magistrate Judge Wehrman's report and

4

recommendation without merit.  As to all other issues within the report and recommendation, this court agrees with Magistrate Judge Wehrman.  Accordingly,

**IT IS ORDERED** that the Report and Recommendation, R.18, is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that Vanhook's habeas petition, R.1, is **DENIED**, and that this action is **DISMISSED** and **STRICKEN** from the court's active docket.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as the petitioner has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2283(c)(1).  None of the claims present a close issue involving a violation or unreasonable application of clearly established federal law, or any other avenue of relief under § 2254.  Consequently, Vanhook is not entitled to a Certificate of Appealability.

Signed on March 14, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY